## Gershak v. Groves

*Lee E. McCandless*, for plaintiffs.
*A. R. Cingolani, Jr.*, of *Cingolani & Cingolani*, for defendant.
*Lee C. McCandless*, for additional defendant.

DILLON, *J.*, March 24, 1976—This is before the court on plaintiffs' motion for judgment on the pleadings against defendant, Donald L. Groves.

In happier times, Donald L. Groves and Joyce A. Groves were husband and wife. Plaintiffs are the parents of Joyce A. Groves. In 1971, according to the complaint, Donald and Joyce Groves secured a loan from Community Consumer Discount Company in the sum of $4,915.68. Plaintiffs signed said note as surety.

Paragraph V of the complaint avers that Donald L. Groves entered into a property settlement agreement dated January 17, 1972, with his then wife and in paragraph III agreed as follows

"Husband agrees to arrange for the removal of wife's parents from an existing judgment note at the Community Finance Corp. and does agree to refinance said note by himself or with the help of his parents no later than the divorce decree between the parties."

The decree was dated February 21, 1973.

Notwithstanding the agreement, Donald L. Groves ceased to make payments on the loan and plaintiffs paid off said obligation and took an assignment to themselves of said note.

Their complaint in assumpsit is to recover $4,112.68, with interest from September 29, 1975.

In his answer, paragraph V, defendant denies he was responsible to pay the amount claimed, due to the fact that Joyce A. Groves breached the property

settlement agreement by willfully and maliciously damaging the real estate mentioned in said agreement in an amount in excess of the loan which plaintiffs are attempting to collect from him. Under new matter, defendant set forth that this property settlement agreement called for the conveyance of real estate to him by Joyce A. Groves in exchange for $2,000 paid to her. Defendant contends that, at the time of transfer, Joyce A. Groves intentionally, maliciously and purposely damaged this real estate in an amount in excess of $4,000. He concludes, paragraph X, that as a result of this intentional breach, there was a failure of consideration of the property settlement agreement and that he was released from his obligation to perform under paragraph III of said contract. It is noted his answer is not endorsed to plead.

In addition, defendant, Donald Groves, brought on Joyce A. Groves as an additional defendant. In her answer to the complaint against additional defendant, she denies that she damaged said premises but, on the contrary, it was in good condition when she left it.

Undoubtedly, there is a factual dispute between defendant and additional defendant as to whether or not the premises were damaged. But how does this avail against plaintiffs? This court fails to see the connection.

Paragraph IV of plaintiffs' complaint states that in order for Donald L. Groves to secure said loan, it had to be signed by his wife and his father-in-law and mother-in-law. This is admitted by defendant. From this admission flows the inference that the proceeds were applied for his own use.

An examination of the consumer discount note

indicates that after each of the signatures of Frank Gershak and Lucille Gershak appears the word "Surety." It seems to this court that from this flows the relationship of a primary obligation on the part of the Groves and a secondary obligation on the part of the Gershaks. When the Gershaks had to pay this obligation off, they acquired a right of action against the Groves. Donald L. Groves, by his admission, admits the proceeds were his and he is, therefore, entirely responsible for the sum the Gershaks had to pay Community.

Paragraph III in the separation agreement (wherein Donald agrees to arrange for removal of Gershaks from the Community obligation) is not capable of a failure of consideration as averred by Donald Groves. The obligation to make Gershaks whole arises from the surety relationship on the original note. Paragraph III of said agreement neither enlarges nor diminishes this relationship. Plaintiffs are, therefore, entitled to judgment on the pleadings.

## ORDER OF COURT

Now, March 24, 1976, in conformance with the foregoing memorandum opinion, the motion for judgment on the pleadings against defendant, Donald L. Groves, is granted.

The prothonotary is directed to enter judgment in favor of Frank G. Gershak, Jr. and Lucille Gershak, his wife, plaintiffs, and against Donald L. Groves, defendant, in the sum of $4,112.68 with interest from September 29, 1975.